UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Salena R. Sutton,**

      **Plaintiff,**      **Civil Action No. 10-14079**

  **vs.**      **District Judge Avern Cohn**

**Central Towers Apartments**      **Magistrate Judge Mona K. Majzoub**
**and the United States**
**Department of Housing**
**and Urban Development,**

      **Defendants.**
_____/

## Report and Recommendation

Before the Court is Defendant the United States Department of Housing and Urban Development's motion to dismiss Plaintiff Salena Sutton's complaint against it. (Dkt. 18.) The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 16.) The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to issue this report and recommendation.[1]

**I.   Recommendation**

The Court finds that Defendant the United States Department of Housing and Urban Development (HUD) is entitled to dismissal pursuant to two of its three arguments. The Court therefore recommends granting HUD's motion to dismiss and dismissing HUD from this case.

**II.   Report**

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

**A.	Facts**

Plaintiff alleges that Defendant Central Towers Apartments-Managing Agents/Owner, along with HUD violated federal and Michigan law when they allegedly evicted Plaintiff from her home on July 29, 2010.[2]  (Compl. at 1.)

Plaintiff states she followed the "complete process."[3]  (*Id*. at 1-2.)  On July 2, 2010 Plaintiff states that she went to Michigan's 36th District Court, in Detroit, Michigan. (*Id.*)  She states that there, she paid a $20.00 fee and filed a motion for a hearing related to the eviction.  (*Id*. at 2.)  Then, on July 20, Plaintiff states that she received a letter in the mail from Farmington Hills, Michigan attorneys.  (*Id.*)  This letter listed a phone number, which she called.  (*Id.*)  She alleges that the person with whom she spoke told her to pay the rent that she owed.  (*Id.*)

Plaintiff alleges that Central Tower's Apartments and HUD refused to talk to her and answer any of her questions about "court" from May 24 to "the present."  (*Id.*)  She then states that "I could [have met] with legal council [sic] in time to stop eviction [] under [the] landlord tenant center in the 36th District Court."  (*Id*. at 2-3.)

On July 2, 2010 Plaintiff also states that she went to Detroit City Hall to report the "surprise" eviction.  (*Id*. at 3.)  She states that a worker at City Hall told her to call the police because Plaintiff cannot be evicted without a thirty-day notice.  (*Id.*)  She then states that she did not receive notice and therefore that Defendants violated Michigan law and her constitutional rights.  (*Id.*)

Plaintiff has also stated a 'claim' for "unlawful withholdings of Salena Sutton's monies;" she

---

[2]Plaintiff states that Defendants evicted from her home at 2565 Central Street, Apt. 610, Detroit, Michigan 48209.  (Compl. at 1.)

[3]Plaintiff does not identify what this "complete process" is or what the process requires.

2

alleges that the Michigan State Lottery Headquarters and Commission has refused to pay her two winning ticket amounts. (*Id*. at 4.) She also alleges that Fifth Third Bank "unlawfully seized [her] bank deposit." (*Id*. at 5.)

## B. Standards

### 1. Rule 12(b)(1) motion to dismiss standard

A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc*., 410 F.3d 879, 881 (6th Cir. 2005). When a defendant challenges subject matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Put differently, a motion to dismiss pursuant to Rule 12(b)(1) attacks a plaintiff's right to be in a particular court. *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 619, n.3 (6th Cir. 2010) (citation omitted). "In reviewing a 12(b)(1) motion, the Court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citation omitted).

### 2. Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp*., 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are

true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### C. Analysis

HUD argues that dismissal of Plaintiff's claims against it is appropriate by three means: (1)

dismissal because HUD has not waived its sovereign immunity from being sued, thereby divesting the Court of jurisdiction; (2) dismissal for failure to state a claim pursuant to Rule 12(b)(6); and (3) dismissal pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies. (HUD's Mot. to Dismiss at i.) Plaintiff has not field a response.

### 1. Plaintiff has not proven a waiver of sovereign immunity–dismissal is therefore proper

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver. The terms of consent may not be inferred, but must be unequivocally expressed." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal quotation marks and citations omitted). *See also McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996) (holding that "[t]he United States, as a sovereign, cannot be sued for damages without its prior consent, and the terms of its consent define the court's subject matter jurisdiction."). Without a waiver, a federal court lacks the authority to hear a case because it lacks subject matter jurisdiction. *Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 987 (6th Cir. 2009) (citations omitted).

Plaintiff bears the burden to "identify a waiver of sovereign immunity to proceed." *Toledo v. Jackson*, 485 F.3d 836, 828 (6th Cir. 2007) (quoting *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). "If [Plaintiff] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz*, 224 F.3d at 795.

HUD argues that "Plaintiff has failed to point to any waiver of sovereign immunity that permits claims against HUD." (HUD's Mot. to Dismiss at 3.) HUD is correct.

Plaintiff has alleged federal question jurisdiction. (Compl. at 16.) She states that HUD violated federal statutes, Michigan law, the Fair Housing Act of 1968, 28 U.S.C. § 2473, and 28

U.S.C. § 1713.  As HUD points out, 28 U.S.C. § 2473 does not exist and 28 U.S.C. § 1713 relates to class actions, so neither applies to this case.  (HUD's Mot. to Dismiss at 1.)  And although the Fair Housing Act does contain waivers of sovereign immunity, Plaintiff has not met her burden in establishing that her complaint falls within such waivers.  *See Gitler v. Clawson*, No. 06-459, 2006 WL 2943304 (W.D.Mich. Oct. 13, 2006) (Bell, C.J.) (adopting the magistrate judge's brief report and recommendation dismissing the plaintiff's complaint for failure to establish that HUD waived its sovereign immunity.)). The Court therefore recommends granting HUD's motion to dismiss and dismissing HUD pursuant to Rule 12(b)(1).

### 2. Plaintiff has failed to state a claim on which the Court is able to grant relief

HUD alternatively argues dismissal pursuant to Rule 12(b)(6) is proper because Plaintiff has failed to allege facts that would show an entitlement to relief.  (HUD's Mot. to Dismiss at 4.)  HUD explains that Plaintiff's only allegations against HUD are that it failed to communicate with her about her eviction and that HUD refused to talk to her or answer any of her questions.  (*Id*. at 3.) HUD then argues that Plaintiff points to no duty that requires HUD to do either of these things. (*Id*. at 4.) HUD again is correct–Plaintiff's complaint cannot survive a 12(b)(6) motion to dismiss–the Court is unable to glean from her complaint how she would be entitled to any relief from HUD.  The Court therefore also recommends granting HUD's motion to dismiss with respect to this argument.

### 3. The Court does not recommend dismissing for lack of exhaustion of administrative remedies

HUD finally argues that, to the extent that the complaint may involve tortious conduct, Plaintiff must first exhaust her administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675.  (HUD's Mot. to Dismiss at 4.)  HUD has submitted Miniard Culpepper's declaration that

states that Plaintiff has not filed any administrative claim. (HUD's Mot. to Dismiss, Ex. 1, Culpepper Decl.) Because Plaintiff has not exhausted her remedies, HUD argues that the Court should dismiss HUD for lack of jurisdiction for failure to exhaust remedies.

But the Court does not recommend dismissal for lack of exhaustion. There appears to be a conflict whether a motion to dismiss for lack of jurisdiction for failure to exhaust administrative remedies is proper. *See Tyson v. United States*, 10-13693, 2011 WL 2607089 at *3 (E.D.Mich. June 30, 2011) (Steeh, J.) (stating that, "there is no clear indication in the [FTCA] that Congress meant for the [exhaustion rule] to be jurisdictional.") (and discussing *Hoogerheide v. I.R.S.*, 637 F.3d 634 (6th Cir. 2011), which held that certain exhaustion provisions of the Internal Revenue Code were not jurisdictional.)). *See also Law Offices of Scott E. Combs v. United States*, 767 F.Supp.2d 758, 765-66 (E.D.Mich. 2011) (Edmunds, J.) (discussing the Sixth Circuit's views on jurisdiction and administrative exhaustion and holding that administrative exhaustion is not jurisdictional.) *But see Moore v. United States*, 2011 WL 3568763 at *5 (E.D.Mich. Aug. 12, 2011) (Roberts, J.) (stating, "exhaustion is viewed as jurisdictional in this [c]ircuit."). The shift appears to be in favor of finding the administrative exhaustion requirement to be non-jurisdictional, therefore making a motion to dismiss for lack of jurisdiction for failure to plead exhaustion improper. *See Hoogerheide*, 637 F.3d 634 generally.

Because courts in this district have held differently concerning exhaustion of remedies and because the Court need not decide either way to make a recommendation in this case, the Court will not recommend granting HUD's motion to dismiss on this third alternative argument.

**D. Conclusion**

For the above-stated reasons, the Court recommends granting HUD's motion to dismiss and

7

dismissing HUD from this case.

### III.     Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  December 14, 2011         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

8

I hereby certify that a copy of this Report and Recommendation was served upon Kenneth Cox and Counsel of Record on this date.


Dated: December 14, 2011           s/ Lisa C. Bartlett
                                   Case Manager