UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Salena R. Sutton,

        Plaintiff,        Civil Action No. 10-14079

   vs.        District Judge Avern Cohn

Central Towers Apartments        Magistrate Judge Mona K. Majzoub
and the United States
Department of Housing
and Urban Development,

        Defendants.
_____/

**Report and Recommendation**

Before the Court is Defendant Central Towers Apartments' motion for summary judgment on Plaintiff Salena Sutton's wrongful eviction complaint.[1] (Dkt. 25.) The Court has been referred this motion for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 16.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[2]

**I.     Recommendation**

Because the Court recommends finding that Plaintiff is impermissibly challenging state court proceedings with this federal lawsuit, the Court recommends dismissing her complaint in light of the *Rooker-Feldman* doctrine and Federal Rule of Civil Procedure 12(b)(1).

---

[1] On January 12, 2012 the court dismissed Defendant United States of America from this case. (Dkt. 22.)

[2] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**II.     Report**

   **A.     Facts**

On May 4, 2010 Defendant filed a summons and complaint against Plaintiff in the 36th District Court in Detroit, Michigan. (Def.'s Mot. for Summ. J., Ex. A.) In that complaint, Defendant alleged that Plaintiff was in arrears for her rent for her apartment at 2565 Central, Apt. 610A, Detroit, Michigan. (*Id.*)

The matter was assigned a civil case number and a court date was scheduled for May 14, 2010. (Ex. A.) On that date, Defendant appeared for the hearing, while Plaintiff did not. (Def.'s Mot. for Summ. J. at 5.) Defendant secured a default judgment of possession. (*Id.*, Ex. B.) The default judgment of possession provided that an order of eviction would be issued against Plaintiff unless she paid the default judgment amount, or did not move out of her apartment, by May 24, 2010. (*Id.*)

Defendant states that Plaintiff did not pay the judgment amount or move out by May 24, 2010. (Def.'s Mot. for Summ. J. at 5.) On June 25, 2010, over a month after Plaintiff was required to pay or vacate, Defendant filed for an application and order of eviction (also known as a writ of restitution) with the 36th District Court. (*Id.* at 5-6.)

On July 2, 2010 Plaintiff filed a motion for stay of writ of restitution. (Def.'s Mot. for Summ. J., Ex. C.) The 36th District Court heard and denied Plaintiff's motion. (*Id.*)

Defendant states that Plaintiff did not appeal the judgment of possession or the denial of her motion for stay. (Def.'s Mot. for Summ. J. at 6.) Plaintiff has not presented any documentation to the contrary.

Defendant then states that, on July 29, 2010, a 36th District Court bailiff enforced the order

of eviction and removed Plaintiff's possessions from the apartment. (Def.'s Mot. for Summ. J. at 6.)

On October 12, 2010 Plaintiff filed her complaint. Plaintiff alleges that Defendant Central Towers Apartments and HUD violated federal and Michigan law when they allegedly evicted Plaintiff from her home on July 29, 2010. (Compl. at 1.)

Plaintiff states she followed the "complete process."[3] (*Id*. at 1-2.) On July 2, 2010 Plaintiff states that she went to Michigan's 36th District Court, in Detroit, Michigan. (*Id.*) She states that there, she paid a $20.00 fee and filed a motion for a hearing related to the eviction. (*Id*. at 2.) Then, on July 20, Plaintiff states that she received a letter in the mail from Farmington Hills, Michigan attorneys. (*Id.*) This letter listed a phone number, which she called. (*Id.*) She alleges that the person with whom she spoke told her to pay the rent that she owed. (*Id.*)

Plaintiff alleges that Central Tower's Apartments and HUD refused to talk to her and answer any of her questions about "court" from May 24 to "the present." (*Id.*) She then states that "I could [have met] with legal council [sic] in time to stop eviction [] under [the] landlord tenant center in the 36th District Court." (*Id*. at 2-3.)

On July 2, 2010 Plaintiff also states that she went to Detroit City Hall to report the "surprise" eviction. (*Id*. at 3.) She states that a worker at City Hall told her to call the police because Plaintiff could not be evicted without a thirty-day notice. (*Id.*) She then states that she did not receive notice and therefore that Defendants violated Michigan law and her constitutional rights. (*Id.*)

**B.     Analysis**

Plaintiff's objective with this case is to have the court determine that the state proceedings

---

[3]Plaintiff does not identify what this "complete process" is or what the process requires.

and her eviction were improper. Because Plaintiff only seeks to have the Court declare the state court proceedings void, the Court recommends finding that the court lacks subject matter jurisdiction over the complaint pursuant to the *Rooker-Feldman* doctrine and dismissing Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that res judicata bars Plaintiff's complaint[4].

"Under the *Rooker-Feldman* doctrine, the federal district courts lack jurisdiction to review claims [that] have been litigated and finally decided in states court." *Nassar El v. Smith*, 11-11957, 2012 WL 313985, at *1 (E.D.Mich. Jan. 31, 2012) (Rosen, C.J.) (citations omitted).

To determine whether the *Rooker-Feldman* doctrine applies, a court conducts a two-party inquiry. *Hutcherson v. Lauderdale Cnty, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). A court first must determine whether the federal claim is "inextricably intertwined" with the claim asserted in the prior state court proceeding. *Id*. at 755-56. "[T]he federal claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*. (citation omitted). A court then considers "whether the federal claim is

---

[4]Rule 12(b)(1) authorizes the Court to dismiss a complaint for lack of subject matter jurisdiction. *Davis v. United States Bank Nat'l Ass'n*, 10-13394, 2011 WL 281040, at *3 (E.D.Mich. Jan. 25, 2011) (Cox, J.) "The *Rooker-Feldman* doctrine divests a court of such jurisdiction even when a plaintiff has raised a federal question or the parties are diverse." *Id*. (citation omitted). When a party alleges a res judicata defense, a court must first address the *Rooker-Feldman* issue since *Rooker-Feldman* "strips federal courts of jurisdiction and the ability to hear a res judicata, or other affirmative, defense." *Id*. (quoting *Hutcherson v. Lauderdale Cnty, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003)). Here then, the Court first addresses the *Rooker-Feldman* issue, and, finding that issue dispositive, does not address Defendant's res judicata argument.

a 'general challenge to the constitutionality of the state law applied in the state action," to which the *Rooker-Feldman* doctrine would not apply, or 'a specific grievance that the law was invalidly–even unconstitutionally–applied in the plaintiff's particular case," that would raise a *Rooker-Feldman* bar." *Id*. at 756 (citation omitted).

The Sixth Circuit has explained that the inquiry "is the source of the injury that plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*.

Here, Plaintiff seeks to have the Court declare that she was wrongfully evicted from her apartment–arguing that she did not receive the proper notice required for eviction. Yet, the snag in Plaintiff's argument is that the state court has already ruled on her argument. The state court granted Defendant's default judgment of possession and then, when challenged by Plaintiff, the state court denied her motion for stay of execution of the eviction. Plaintiff also failed to pursue that denial through any state appeal process. Such failure is fatal to her claims–Plaintiff cannot seek redress in federal court when she only seeks to undo the product of the state court litigation.

Courts in this district have ruled in the same way–applying the *Rooker-Feldman* doctrine to plaintiffs' complaints seeking to declare foreclosures and evictions pursuant to state proceedings void. In *Davis*, the court held that the *Rooker-Feldman* doctrine barred the plaintiff's suit. 2011 WL 281040 at *4. There, the plaintiff sought to set aside a sheriff's deed to his former property. *Id*. at *1. The defendant had commenced a summary eviction proceeding in state court and then received a judgment of possession. *Id*. The plaintiff appealed the judgment, but was not successful on appeal.

*Id*. After several other procedural steps, the Wayne County Circuit Court dismissed the plaintiff's complaint with prejudice. *Id*. A little over a month later, the plaintiff filed a complaint almost identical to the state complaint in federal court. *Id*. The court dismissed the complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The court held that the *Rooker-Feldman* doctrine applied. *Id*. at *4. The court explained that the state eviction proceedings resulted in a judgment of possession and that the plaintiff had appealed to the Wayne County Circuit Court, which dismissed the plaintiff's request for review with prejudice. *Id*. After that dismissal, the plaintiff filed suit in federal court. *Id*. The federal court viewed its suit as the plaintiff asking the court to "relieve him from both the state district court judgment of possession and to find that the Wayne County Circuit Court erred in determining the validity of the sheriff's deed." *Id*. The federal court held that the plaintiff's filing was "exactly the type of appellate review that a federal district court may not conduct under *Rooker-Feldman*." *Id*. (citing *Battah v. ResMAE Mortg. Corp.*, 746 F.Supp.2d 869, 873 (E.D.Mich. 2010) (Rosen, J.) for the proposition that the plaintiff's claims that attempted to disturb the state court's judgments of foreclosure, possession, or eviction were barred by the *Rooker-Feldman* doctrine.).

In *Nassar*, the court discussed the effect of the plaintiff's failure to appeal the adverse rulings to the appropriate court and through the appropriate process. The court pointed out that

> the bulk of the complaint's allegations are directed at events that transpire during the state court proceedings. Yet, to the extent that Plaintiff was dissatisfied with the state courts' rulings, his recourse was to the Michigan appellate courts. There is no indication in the record that [the plaintiff] has pursued any such avenues of appeal. Rather, it appears that the state court proceedings have concluded, and the judgments of the state courts are now final.

2012 WL 313985 at *1 (citations omitted). The court held that the *Rooker-Feldman* doctrine barred the plaintiff from, "in effect, seeking to appeal the adverse state court rulings before a federal district

court." *Id.* (citations omitted). *See also Folson-El Bey v. Wells Fargo Home Mortg.*, 11-13534, 2012 WL 1441397, at *2 (E.D.Mich. Mar. 13, 2012) (Michelson, Mag. J.) *adopted by* 2012 WL 1453569 (E.D.Mich. Apr. 26, 2012) (Murphy, J.) (finding that the court lacked subject matter jurisdiction over the plaintiff's challenge to the state court judgment of possession and order of eviction and the plaintiff's unfavorable ruling from the state circuit court pursuant to the *Rooker-Feldman* doctrine.).

And while Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 247.3. No applicable code section exists. The Court assumes that Plaintiff meant 24 C.F.R. § 247.3 and the regulations around that regulation, which deal with the requirements that a landlord receiving federal funds and offering HUD housing must comply with to evict a HUD housing tenant. Despite Plaintiff's argument, that section does not override the *Rooker-Feldman* doctrine and provide federal question jurisdiction. *See Las Casitas Assocs. v. Ramirez*, 94-20583, 1994 WL 618491 (N.D.Cal. Oct. 25, 1994) (stating that 24 C.F.R. § 247.6(a) "recognizes that states courts [sic] will determine eviction proceedings.") (and finding that there was no federal cause of action for a violation of 24 C.F.R. § 247.6 and remanding the matter to state court.).

### C. Conclusion

Here, because it would be impossible for the Court to resolve Plaintiff's case "without determining that the state court judgment was either erroneously entered or void" the Court recommends dismissing this case pursuant to Rule 12(b)(1) and the *Rooker-Feldman* doctrine.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   August 21, 2012               s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Selena Sutton and Counsel of Record on this date.

Dated:   August 21, 2012               s/ Lisa C. Bartlett
                                        Case Manager

8