UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALENA R. SUTTON,

    Plaintiff,

v.

CENTRAL TOWERS APARTMENTS,

    Defendant.

_____/

Case No. 10-14079

HON. AVERN COHN

## ORDER
## OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 29)
## AND
## ADOPTING REPORT AND RECOMMENDATION (Doc. 28)
## AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 25)
## AND
## DISMISSING CASE

I.

This is a civil case. Plaintiff Salena R. Sutton, proceeding pro se, claimed that Central Towers Apartment (Central Towers) and the Department of Housing and Urban Development (HUD)[1] violated state and federal law when she was evicted from her apartment on July 29, 2010.

The matter was referred to a magistrate judge for all pretrial proceedings. Central Towers filed a motion for summary judgment. On August 21, 2012, the magistrate judge issued a report and recommendation (MJRR) recommending that the

---

[1] HUD previously filed a motion to dismiss. The Court, upon recommendation of the magistrate judge, granted the motion and dismissed HUD from the case. (Doc. 22)

motion be granted based on the Rooker-Feldman doctrine.[2]  Before the Court are plaintiff's objections to the MJRR.  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, Central Tower's motion for summary judgment will be granted, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

III.

The Court has reviewed plaintiff's objections.  Nothing in the objections convince the Court that the magistrate judge's recommendation is incorrect.  To the contrary, the MJRR clearly sets forth why plaintiff cannot proceed in federal court.  Central Towers sued plaintiff in state court because she was in arrearage on her rent.  Central Towers

---

[2]Central Towers also moved for summary judgment on the grounds that plaintiff's claims were barred by res judicata.  In light of concluding that plaintiff's claims are barred by Rooker-Feldman, the magistrate judge declined to consider this alternative ground.

obtained a judgment of possession and eventually obtained an order of eviction. Plaintiff was unsuccessful in her attempt to stay the eviction. Federal courts are barred from hearing matters already determined in the state courts, as plaintiff's eviction was here.

IV.

For the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Central Tower's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

      S/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated: September 7, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 7, 2012, by electronic and/or ordinary mail.

      S/Julie Owens  
      Case Manager, (313) 234-5160